UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  09-10067 |
| ) | |
| KENNETH CLARK, ) | |
| ) | |
| Defendant, ) | |

**O R D E R**

The Government has requested a pretrial determination (Doc. 32) as to the admissibility of certain business records without complying with the holding in the recent opinion of the United States Supreme Court in Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2007) that the admission at trial of the certificate of analysis by a forensic analyst at the state laboratory would violate the Confrontation Clause of the Sixth Amendment.  The Court finds that the telephone toll records and payment records of Western Union and WalMart (money gram) are traditional official or business records and are not subject to the Sixth Amendment confrontation rights of Defendant as required by Crawford v. Washington, 541 U.S. 36 (2004) and its progeny, especially Melendez-Diaz.

Records showing the certification and retesting of Kilo, a drug detection canine, which was used to search the pickup truck driven by Defendant is a different kettle of fish, more akin to testimonial records which are covered by the Confrontation Clause.  As far as the Court can tell, such certificates are essentially made and used in the courts to verify the drug detection capability of so-called drug detection canines.  They are used to show (or prove) that the dog's actions were consistent with his past and proven ability to detect

drugs.  Since the dog cannot be cross-examined, the next best thing is his trainer.  These records are subject to the confrontation clause.  The motion (Doc. 32) is allowed as expressed herein.

    ENTERED this   27th   day of October, 2009.

                                          s/Joe B. McDade
                                          JOE BILLY McDADE
                                      United States District Judge